```
                    UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA        :
                                :
          vs.                   :  No. 4:CR-96-221
                                :
MITCHELL FREDERICK PASTER       :  (Judge Muir)
```

### ORDER
January 23, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The background of this case is set forth in prior orders of court and we will not repeat that background other than as needed to address a document filed by Paster on January 19, 2006, entitled "Petition for Writ of Habeas Corpus Petition for Writ of Audita Querela[1] Motion to Preserve Rights Under Habeas Corpus."

Paster killed his wife, Dr. Margaret Bostrom, by stabbing her sixteen times with a knife. On November 19, 1997, Paster entered a plea of guilty to second degree murder. Paster

---

1. Black's Law Disctionary (Sixth Edition) defines Audita querela as follows:

> The name of a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise. Barnett v. Gitlitz, 290 Ill.App. 212, 8 N.E.2d 517, 520. May also lie for matters arising before judgment where defendant had no opportunity to raise such matter in defense. Louis E. Bower, Inc. v. Silverstein, 298 Ill.App. 145, 18 N.e.2d 385, 387.
>
>   This writ has been abolished in most states that have adopted Rules of Civil Procedure, being supplanted by motion for relief from judgment. Rule of Civil Procedure 60(b).

was originally sentenced on May 4, 1998, to a term of imprisonment of 30 years and 5 months. Paster appealed that sentence, the Court of Appeals determined the sentence to be excessive and remanded for resentencing, and on September 22, 1999, Paster was resentenced to a term of imprisonment of 21 years and 10 months.  On March 22, 2000, the Court of Appeals affirmed that sentence.

On June 29, 2001, Paster filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  A evidentiary hearing commenced on May 1, 2002, and concluded on May 29, 2002.  On June 10, 2002, we issued a 55-page opinion and order in which we denied Paster's motion filed pursuant to 28 U.S.C. § 2255.

On July 22, 2002, Paster filed a notice of appeal.  By order of July 24, 2002, we denied Paster a certificate of appeal ability because he had failed to make a substantial showing of the denial of a constitutional right.  Paster than requested the Court of Appeals to issue a certificate of appeal ability.  On May 12, 2003, the Court of Appeals issued an order stating in toto as follows:

> The foregoing request for a certificate of appeal ability is denied because, for substantially the reasons given by the District Court in denying Appellant's section 2255 motion, we conclude that Appellant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The motion for counsel and transcripts is denied.

Doc. 249, Order of United States Court of Appeals.[2] Paster then filed a petition for writ of certiorari with the United States Supreme Court. On February 22, 2005, the Supreme Court denied that petition.

Paster's most recent filing is in effect a successive 28 U.S.C. § 2255 motion. Paster contends that he should be resentenced under the recent decision of the Supreme Court in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). Paster requests that we vacate the sentence imposed on September 22, 1999, and resentence him to a term of imprisonment of no more than 10 years and 1 month.

It is clear that <u>Booker</u> cannot be retroactively applied to Paster's case. The Court of Appeals for the Third Circuit has held that <u>Booker</u>, which recognized that <u>Apprendi</u> and <u>Blakely</u> applied to the United States Sentencing Guidelines but also ruled that the Guidelines are now only advisory, does not apply retroactively to cases on collateral review. <u>See</u> Lloyd v. United

---

2.  28 U.S.C. § 2253 states in relevant part as follows:

>   (c)(1) Unless a circuit justice or judge issues a certificate of appeal ability an appeal may not be taken to the court of appeals from --
>
>   *   *   *   *   *   *   *
>
>   (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appeal ability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of constitutional right.

States, 407 F.3d 608, 613-15 (3d Cir. 2005). Moreover, 28 U.S.C. § 2244 states in relevant part as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.

Section 2255 requires that before a second section 2255 motion can be filed in the district court, the movant must obtain approval from "a panel of the appropriate court of appeals."

The legality of Paster's detention was determined by us in our order of June 10, 2002, when we denied his section 2255 motion.  Furthermore, Paster has not obtained approval from the Court of Appeals for this circuit to file a second section 2255 motion. Consequently, Paster's so-called "Petition for Writ of Habeas Corpus Petition for Writ of Audita Querela Motion to Preserve Rights Under Habeas Corpus" will be denied.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

Paster's document entitled "Petition for Writ of Habeas Corpus Petition for Writ of Audita Querela Motion to Preserve Rights Under Habeas Corpus" (Doc. 257) is denied.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:gs